UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

RAYMOND MARLING,                )
                                )
            Petitioner,          )
                                )
        v.                       )   No. 2:19-cv-00002-JRS-DLP
                                )
DICK BROWN,                      )
                                )
            Respondent.          )

**Order Granting Petition for a Writ of Habeas Corpus**

Petitioner Raymond Marling was convicted in an Indiana state court of various drug and firearm offenses. Mr. Marling now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for possession of cocaine with intent to deliver, possession of cocaine and a firearm, and possession of a Schedule IV controlled substance. He argues that his trial and appellate counsel were ineffective for not arguing that key evidence should have been suppressed because the North Vernon Police failed to follow their own written procedures in executing an inventory search. Mr. Marling's petition is **granted**.

**I. Background**

The Indiana Court of Appeals summarized the relevant facts and procedural history as follows:

> [T]here was an active arrest warrant for Marling from Jackson County [and reason to believe] that Marling might be involved in drug activity and that he might be in possession of a handgun. Detective Sandefur told local police departments to look for Marling.
>
> * * *
>
> North Vernon Police Officer Jeffrey Day responded and initiated a traffic stop on County Road 350 North. Marling stopped the vehicle in the traffic lane, so that only the oncoming traffic lane was passable. Officer Day ordered Marling to step out of

1

the car, and Detective Sandefur handcuffed him. Marling was wearing an empty shoulder holster under his shirt.

Officer Day looked inside of the vehicle and saw that there were no passengers. He observed a handgun between the driver's seat and the console; the hammer of the handgun was cocked, but the safety lock was on. Marling told Officer Day that he did not have a permit for the handgun. Officer Day took Marling to jail, where $686 was inventoried from Marling's billfold. Marling asked Officer Day to contact his mother to ask if she could remove money from a black bag in the Avenger and remove the vehicle from impoundment.

North Vernon Police Sergeant Craig Kipper conducted a search of the Avenger prior to impoundment in accordance with North Vernon Police General Order 49, which provides for an inventory search prior to the impoundment of a vehicle if a driver was arrested and was driving the vehicle immediately before arrest. The inventory search included a search of the vehicle in all locations where items of value may be located, including closed and locked containers.

During his search, Sergeant Kipper first took possession of the handgun. He then found several cellphones with chargers, a clear bag with several syringes, four Clonazepam pills, a schedule IV drug, and a clear container with white powder residue. He also found a prescription pill bottle containing Intuniv, a legend drug, one Hydroxyine, a legend drug, and one Vyvanse, a schedule II drug. In the passenger compartment, Sergeant Kipper found $1,000 secured with a rubber band inside a laptop bag. In the trunk, the Sergeant found two rifles, a duffel bag containing .9mm ammunition, a box of syringes, thirty-two loose syringes, and a digital scale that looked like a cell phone. Sergeant Kipper also discovered a metal combination lockbox in the trunk; he opened the box with a screwdriver. The box held a clear baggie containing .51 grams of cocaine, various capsules containing dimethyl sulfone, a cutting agent, four baggies with white residue, and one Clonazepam.

* * *

On May 1, 2013, the State charged Marling with Count I, class B felony possession of cocaine with intent to deliver; Count II, class C felony possession of cocaine and a firearm; Count III, class C felony carrying a handgun without a license; Count IV, class D felony possession of a schedule IV controlled substance; Count V, class D felony possession of a schedule II controlled substance; Counts VI and VII, two counts of class D felony possession of a legend drug; and Count VIII, class D felony unlawful possession of a syringe.

*Marling v. State*, 2014 WL 4854995, at *1–2 (Ind. Ct. App. Sept. 30, 2014) ("*Marling I*")

(citations omitted).

Before trial, defense counsel moved to suppress all evidence found in the lockbox. Tr. App'x Vol. I at 51. Relying on *State v. Lucas*, 859 N.E.2d 1244 (Ind. Ct. App. 2007), counsel argued that the police were not permitted to open locked boxes during an inventory search.[1] *Id.* The State responded by noting that *Lucas* does not prohibit police from opening a locked container; instead, "[t]he officers have to be following a procedure by their department and that's what [the officer] did in this case." Tr. Trans. Vol. II at 48. And North Vernon Police Department General Order 49 directs officers to

> [i]nventory all closed and locked containers. If a situation exists that requires extreme measures (extensive time, manpower and equipment), and/or unreasonable potential damage to property, the officer should avoid opening the container, but should document why the container was not opened.

*Marling II*, 2018 WL 2375769, at *2. Despite apparent damage to the lockbox from the search, counsel did not argue that the police had violated their inventory search procedures. The trial court denied Mr. Marling's motion to suppress, relying on General Order 49. Tr. App'x Vol. I at 70 ("North Vernon had a duly promulgated Impoundment Procedure in effect . . . which authorized the search and opening of closed and locked containers within vehicles.").

After a jury trial, Mr. Marling was convicted of two counts of possession of a legend drug and one count each of possession of cocaine with intent to deliver, possession of cocaine and a firearm, possession of a schedule IV controlled substance, unlawful possession of a syringe, and possession of a handgun by a felon. *Id.* at *2. The trial court sentenced him to a total of 38 years in prison, including a 20-year enhancement for habitual offender status. *Id.* at *2−3.

---

[1] Counsel cited *George v. State*, 901 N.E.2d 590 (Ind. App. Ct. 2009), not *Lucas*. But *George* repeats *Lucas*'s key holding: "In *Lucas*, the object of the search—contraband inside a locked box—had not been lawfully seized because the policy was silent regarding whether the officers were authorized to open locked containers." *Id.* at 595. And aside from restating that holding, *George* offered no support for Mr. Marling's argument. *See id.* at 596−97 (holding that laboratory analysis of pills found in closed but unlocked container was not an additional Fourth Amendment "search").

3

Mr. Marling appealed, arguing (among other things) that the trial court erred in denying his motion to suppress. Dkt. 14-5 at 11−13. The appellate court affirmed, *Marling I*, 2014 WL 4854995, at *7, and the Indiana Supreme Court denied leave to transfer, dkt. 14-3 at 7.

Mr. Marling next filed a state post-conviction petition, arguing (among other things) that trial and appellate counsel were ineffective for not arguing that the lockbox evidence should have been suppressed because Sergeant Kipper failed to follow General Order 49. Dkt. 15-2 at 31−33. The trial court denied the petition, and the Indiana Court of Appeals affirmed. *Marling v. State*, 2018 WL 2375769, at *3−6 (Ind. Ct. App. May 25, 2018) ("*Marling II*"). The Indiana Supreme Court denied Mr. Marling's petition to transfer. Dkt. 14-4 at 10.

Mr. Marling then filed a petition for a writ of habeas corpus in this Court. His operative petition in this action is the amended petition filed February 26, 2019. Dkt. 12.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc). If the last reasoned state court decision did not adjudicate the merits of a claim, or if the adjudication was unreasonable under § 2254(d), federal habeas review of that claim is *de novo*. *Thomas v. Clements*, 789 F.3d 760, 766−68 (7th Cir. 2015).

### III. Discussion

Police may not open locked containers during a warrantless inventory search unless they are following reasonable standardized procedures. *Florida v. Wells*, 495 U.S. 1, 4 (1990). Whether an officer followed reasonable standardized procedures during an inventory search is a question of fact. *United States v. Cartwright*, 630 F.3d 610, 613 (7th Cir. 2010).

Mr. Marling argues that trial and appellate counsel were ineffective for not arguing that the lockbox evidence should have been suppressed because Sergeant Kipper failed to follow General Order 49. Specifically, he argues that opening the lockbox with a screwdriver created "unreasonable potential damage to property." Dkt. 12 at 23.

The Indiana Court of Appeals did not find that trial or appellate counsel made a strategic decision to not argue that Sergeant Kipper failed to follow General Order 49. Instead, the court relied exclusively on a factual finding that Sergeant Kipper followed General Order 49:

> To the extent Marling argues that his trial and appellate counsel failed to argue that the State did not follow its written policy because the box was damaged, we observe that Marling asserts that, "[b]y the State's own evidence, the police report of Officer Kipper, he had to break open the locked box with a screw driver, causing damage to the property." However, page 51 of the Appellant's Appendix, cited by Marling, merely states: "In the trunk was a silver square combination lock box. The box was locked. The locked box was opened with a screw driver. In the locked box was more syringes and several items that are used for the ingestion of illegal substances." We cannot say that this document alone establishes that the box was damaged.

*Id.* at *5 (citations omitted); *see also id.* at *5 n.1 ("Given that the State presented its inventory

procedure and the portion of the record cited by Marling does not reveal damage to the box and he does not point elsewhere in the record for any damage to the box, we cannot say that the police failed to perform the search in conformity with their procedures.").

The state court's factual finding that the lockbox was not damaged[2] is both unreasonable under 28 U.S.C. § 2254(d)(2) and rebutted by clear and convincing evidence, as required by 28 U.S.C. § 2254(e)(1). State's Exhibit 26 is a picture of the lockbox that reveals a damaged (and likely inoperable) latch:



---

[2] The state appellate court's exclusive focus on actual damage to the lockbox—instead of "unreasonable potential damage" as General Order 49 provides—was misguided but not unreasonable. In practice, actual damage and "unreasonable potential damage" may track very closely to each other.

While Mr. Marling did not cite Exhibit 26 in his post-conviction appellant's brief, the State cited it multiple times in their appellee's brief. *See* dkt. 14-10 at 12, 20, 21. The respondent does not argue that the Indiana Court of Appeals could ignore the exhibit merely because the State (and not Mr. Marling) brought it to the court's attention.

The state appellate court's decision thus relied on an unreasonable factual determination, which means this Court must review Mr. Marling's claim *de novo*. *Thomas*, 789 F.3d at 766−68. To prevail, Mr. Marling must show "both that his attorney's performance fell below an objective standard of reasonableness and that there was a reasonable probability that the outcome of the relevant proceedings . . . would have been different but for his counsel's failings." *Monroe v. Davis*, 712 F.3d 1106, 1116 (7th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

The first question is whether counsel's performance was deficient. It was. Counsel, relying on *Lucas*, moved to suppress the lockbox evidence merely because Sergeant Kipper opened the locked container during the search. But when the State argued that, unlike the inventory search policy in *Lucas*, General Order 49 directed officers to open locked containers in an inventory search, counsel failed to raise the obvious rejoinder that the police had failed to comply with General Order 49. This failure was an unreasonable "lapse in professional judgment," not a strategic decision that is entitled to deference. *Monroe*, 712 F.3d at 1118.

Trial counsel's performance was also prejudicial. There is a reasonable probability that the trial court would have granted Mr. Marling's motion to suppress as to the lockbox evidence if counsel had argued that Sergeant Kipper violated General Order 49. The respondent argues that counsel's performance was not prejudicial because prying open the latch on a lockbox was "hardly an extreme measure or one that would foreseeably cause 'unreasonable potential damage' to the

7

property." Dkt. 14 at 12. The Court takes no position on this argument except to find a reasonable probability that the state trial court could have disagreed with it. Indeed, the trial court on post-conviction review appeared to find that prying open the lockbox *was* an extreme measure. Dkt. 15-2 at 128 ("These facts justified extreme measures necessitating opening a lockbox with a screwdriver.").

Three of Mr. Marling's convictions—those for possession of cocaine with intent to deliver, possession of cocaine and a firearm, and possession of a Schedule IV controlled substance—relied on evidence found in the lockbox. If the trial court had granted Mr. Marling's motion to suppress that evidence—and there is a reasonable probability it would have—the outcome of his trial on these counts very likely would have been different. Thus, there is a reasonable probability that Mr. Marling's trial outcome would have been different, so *Strickland*'s prejudice prong is satisfied.

Because trial counsel's performance was deficient and prejudicial, Mr. Marling's petition for a writ of habeas corpus is **granted**. The Court need not address his related ineffective assistance of appellate counsel claim.

### IV. Remedy

Mr. Marling asks this Court to order a new trial. But if the state trial court again denies Mr. Marling's suppression motion, a new trial would be unnecessary. Accordingly, **within 90 days of this Order, the State shall either (1) reopen proceedings in the state trial court and allow Mr. Marling to file a new motion to suppress, (2) announce their intent to retry Mr. Marling, or (3) release Mr. Marling from custody on the convictions for possession of cocaine with intent to deliver, possession of cocaine and a firearm, and possession of a Schedule IV controlled substance.**

Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 9/24/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAYMOND MARLING
995571
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov